[No. 8697-9-I.  Division One.  September 21, 1981.]

RAINIER PACIFIC SUPPLY, INC., *Plaintiff*, v. FRANK L. GRAY, ET AL, *Respondents*, HARDEL MUTUAL PLYWOOD CORPORATION, ET AL, *Appellants*.

*Lenihan, Ivers & McAteer* and *Stephen Black,* for appellant Hardel Mutual Plywood.

*Davies, Pearson, Anderson, Seinfeld, Gadbow, Hayes & Johnson* and *Ronald L. Coleman,* for appellant Fircrest Supply.

*Owens, Weaver, Davies & Dominick* and *Alexander Mackie,* for respondents.

JAMES, C.J.—Hardel Mutual Plywood and Fircrest Supply appeal from the trial judge's entry of summary judgment dismissing their claims. Both attempted to enforce materialmen liens against Gray's condominium project. We reverse.

Gray was the owner and developer of a condominium project in Thurston County, Hardel and Fircrest supplied materials for the project. After Hardel and Fircrest had given notice of their intent to claim liens, but before either had filed a claim of lien against the property, Gray filed a declaration submitting the property to the provisions of the Horizontal Property Regimes Act (Act), RCW 64.32. Neither Hardel's nor Fircrest's claim of lien made reference to the condominium character of the property; rather, both claims contained only the legal description of the land on which the condominium was located. The trial judge concluded that neither had properly perfected its lien.

In his memorandum opinion, the trial judge reasoned as follows:

RCW 64.32.070 provides in pertinent part as follows:

"(1) Subsequent to recording the declaration as provided in this chapter, and while the property remains subject to this chapter, no lien shall *arise or be effec-*

*tive* against the property. During such period, liens or encumbrances shall arise or be created only against each apartment and percentage of individual interest in the common areas and facilities and appurtenant to such apartment in the same manner and under the same conditions in every respect as liens or encumbrances may arise or be created upon or against any other separate parcel of real property subject to individual ownership . . ." (Emphasis supplied)

Claimants argue that their liens arose prior to the filing and recording of the condominium declaration and that such liens may not be "retroactively disallowed" by the filing of such declaration. The Court agrees the liens arose prior to the filing of the declaration. The question, under the statute, however, is whether it bars liens which have *not* been *filed* prior to the declaration from becoming *effective* against the property. If so, the claimants['] liens, to be effective, would have to be filed against the individual apartments, etc.

We do not believe the Act imposes such onerous filing requirements on materialmen.[1]

██ Our independent research has revealed that other jurisdictions considering the issue have concluded that statutory provisions similar to RCW 64.32.070 do not bar the assertion of blanket liens. *See Hostetter v. Inland Dev. Corp.*, 172 Mont. 167, 561 P.2d 1323 (1977); *Stevens Constr. Corp. v. Draper Hall, Inc.*, 73 Wis. 2d 104, 242 N.W.2d 893 (1976).[2] Both the Wisconsin court and the Montana court concluded that mechanics' liens for material or work provided in the initial stage of a condominium project attach and become effective on the date work was commenced or materials provided. The Wisconsin court stated:

The word "effective," in the context of construction liens,

---

[1]In fairness to the trial judge, we observe that although the Washington statute is based on the FHA model act, see footnote 2, *infra*, no party cited cases from other jurisdictions dealing with the issue raised in this case.

[2]The Montana, Wisconsin, and Washington statutes are all based on section 9 of the Federal Housing Administration's Model "Apartment Ownership Act." *See* 1A P. Rohan & M. Reskin, *Condominium Law and Practice,* app. B–3 (1981).

should be interpreted to mean "capable of bringing about an effect." A construction lien is capable of bringing about an effect at the time it arises, . . . The later events of giving notice and filing . . . merely preserve and perfect a lien which is already effective in the sense of being capable of having an effect upon the liened land.

(Footnote omitted.) *Stevens Constr. Corp. v. Draper Hall, Inc., supra* at 114.

Notwithstanding the fact that the liens originally arose and became effective against the entire property, the recording of the condominium declaration converted, by operation of law, the blanket liens into proportional liens. As the Wisconsin court stated:

Subsection (2) . . . provides that a proportional lien occurs whenever "a lien becomes effective against two or more units." Obviously the most frequently occurring situation in which a lien will become effective against two or more units is when repairs are made to the common areas of the condominium unit, and left unpaid. But we conclude that a lien, originally effective as a blanket lien against the whole property, becomes effective against two or more units within the meaning of sec. 703.09 (2), when the property is made subject to the provisions of ch. 703 by the filing of a condominium declaration before the initiation of foreclosure proceedings against the property as a whole.

*Stevens Constr. Corp. v. Draper Hall, Inc., supra* at 114–15. Although the wording of the two statutes is not identical, the effect of RCW 64.32.070(2) is indistinguishable from the effect of the statute construed in *Draper Hall.* Because in this case the Act converts the blanket lien into proportional liens, we do not believe additional filing requirements are necessary.[3] Although a lien claim specify-

---

[3]Our decision in this case does not authorize materialmen to aggregate claims for work performed under separate contracts without the lien claim recognizing the separate character of the contracts. *See Boise Cascade Corp. v. Pence,* 64 Wn.2d 798, 394 P.2d 359 (1964). Similarly, this case presents no issue regarding lien claims in phased developments or separate contracts for distinct portions of a development. *See United Masonry, Inc. v. Jefferson Mews, Inc.,* 218 Va. 360, 237 S.E.2d 171 (1977).

ing the condominium character of the property would have been preferable, the legal description used by the material-men in this case is sufficient to protect and perfect their right to a lien on the condominium units.

Hardel and Fircrest are entitled to attorney's fees on appeal. *See* RCW 60.04.130; *Rosellini v. Banchero*, 83 Wn.2d 268, 517 P.2d 955 (1974); RAP 18.1. After considering the relevant factors, *see Beeson v. Atlantic–Richfield Co.*, 88 Wn.2d 499, 563 P.2d 822 (1977); (CPR) DR 2–106, we award each $250 as reasonable attorney's fees in connection with the appeals.

Reversed and remanded for further proceedings consistent with this opinion.

WILLIAMS and ANDERSEN, JJ., concur.

Reconsideration denied December 8, 1981.