[No. 2240–2.   Division Two.   June 7, 1977.]

*In the Matter of the Marriage of* GERALD D. PEA,
*Respondent, and* CHOON JA PEA,
*Appellant.*

*Richard Goodwin* and *Ingram, Zelasko & Goodwin,* for appellant.

*James E. Duree,* for respondent.

PEARSON, J.—This is an appeal from certain provisions of a decree of marriage dissolution. Appellant, Choon Ja Pea, contends (1) that the trial court made an inequitable division of the property of the parties, and (2) abused its discretion in a maintenance order and attorney's fee award. We are convinced there is too great a disparity in the award and in the condition in which the parties will be left for the award to be equitable under RCW 26.09.080. Accordingly we reverse on that issue.

The parties were married in Korea in 1961. Appellant is age 34, is of Korean nationality, has a limited education, and has difficulty reading and speaking English. In May 1973, while Gerald Pea was serving with the United States Coast Guard in Bangkok, Thailand, the parties separated. Aside from approximately $8,500 in cash and United States Savings Bonds and a modest amount of furnishings, the only other asset·of the parties at the time of the separation was Gerald Pea's military pension. At the time of the separation, appellant took the $8,500 and by the time of trial had expended virtually all of it; $1,700 was used for purchase of an automobile.

After the separation and for the next 22 months, appellant resided in Colorado, where she worked as a waitress, an oyster sheller, and a seamstress. Her income was $700 in 1973 and $2,800 in 1974. During this period of separation, prior to the divorce, she also received a monthly allotment

of $271; of that sum the government provided $150 "quarters allowance" and her husband provided $121. Just prior to trial, appellant was completing training as a beautician and planned to take an examination for license as a beautician, which the trial court found would allow her an estimated monthly income of $250.

Respondent, Gerald Pea, age 37, is a qualified telephone technician in the Coast Guard. He intended to complete his present enlistment in October 1978. In September 1978 (some 2 years and 10 months from the date of trial) he would qualify for a 20–year military retirement pension if he elects to retire at that time. The pension would pay $362.25[1] per month if he retires at the same pay rate he was receiving at the time of hearing. Respondent's life expectancy at age 37 was 34.88, and at age 40 (age at retirement) is 32.18 years. Respondent also purchased an automobile after the separation. His monthly gross earnings at the time of trial were approximately $724.50, subject to income and Social Security taxes. No evidence was offered as to the present worth of respondent's pension. The parties were married for 13 years, during which the pension rights were being earned.

The trial court found and concluded that one–half the sum of $8,500 taken by appellant at the time of separation should offset any rights she might have in the military pension.

This conclusion is clearly erroneous for two reasons. First, the funds were not in existence at the time of trial, and there is no evidence to support a conclusion that the monies taken by appellant were used for other than necessary living expenses. The separation occurred in Thailand, and appellant had to bear costs of traveling to Colorado. The $271 allotment furnished a below–poverty level of existence. Her own earnings were minimal and she had to pay for training as a beautician. During the same period

---

[1]This entitlement is calculated at one–half of the base pay at time of retirement, and is subject to annual increase.

respondent's overseas pay was $1,000 per month, and his living expenses were provided for by the government.

■ Second, even were it proper for the court to consider this depleted fund as an asset, there is a patent disparity, not only in the award, but in the economic circumstances in which the parties were left by the decree. *See Edwards v. Edwards,* 74 Wn.2d 286, 444 P.2d 703 (1968).

The award to the parties is grossly unequal. Even if the military pension is discounted in accordance with prevailing interest rates, its value is substantial.[2] Appellant's earning ability is limited. Respondent may elect to continue with earnings more than four times those of appellant, or retire into an employable trade plus a military pension, which at a minimum will amount to one-half his base pay at retirement, subject to periodic increases.

■ It is clear that retirement pay, even though benefits are not presently available, is held to be deferred compensation and subject to equitable distribution under RCW 26.09.080. *Wilder v. Wilder,* 85 Wn.2d 364, 534 P.2d 1355 (1975); *DeRevere v. DeRevere,* 5 Wn. App. 741, 491 P.2d 249 (1971).

■ Where the parties do not present evidence by which the trial court may estimate the present value of a pension, an equitable division cannot be estimated by use of a lump sum or installment payment method, as discussed in *DeRevere v. DeRevere, supra.* However, the evidence was sufficient to warrant use of a percentage formula based upon the extent of community contributions into the fund and payable at the time respondent is eligible to retire. *Edwards v. Edwards, supra; Wilder v. Wilder, supra.*

On this basis, appellant's community interest would be computed at 50 percent of 13/20 = 32.5 percent of $362.25 or $117.71. The decree should be modified to award appellant 32.5 percent of the pension respondent would be eligible to draw if he elects to retire in October 1978. The

---

[2]The undiscounted value over respondent's life expectancy is more than $139,000.

payments are to commence at that time. The 32.5 percent rate should be applied to all annual or cost-of-living increases which might be allowed thereafter, but should not be applied to those increases in the pension due solely to service beyond 20 years.

We do not find an abuse of discretion in the maintenance allowance of $200 for 6 months, in view of the support available to appellant prior to entry of the decree. Likewise, in view of the limited nature of the trial of this case, we do not find the $400 attorney's fee award an abuse of discretion. However, appellant should be awarded an additional $500 attorney's fee on appeal, together with costs.

Affirmed in part, reversed in part.

PETRIE, C.J., and REED, J., concur.