Harley O. MATTHEWS, Appellant,

v.

Barbara Matthews HOUTCHENS,
Appellee.

No. 18046.

Court of Civil Appeals of Texas,
Fort Worth.

Jan. 18, 1979.

Sparkman & Brian, and Roy T. Sparkman, Wichita Falls, for appellant.

Clayton S. Kramer, Wichita Falls, for appellee.

OPINION

MASSEY, Chief Justice.

This is an appeal by a defendant against whom all the summary relief requested by plaintiff was granted. The case involves partition of retirement benefits of defendant military retiree, not considered at time of the parties' divorce on December 6, 1965 by a certain divorce decree (in Cause No. 77,048–B in a different District Court of the same county). The divorce was granted at a time prior to that on which the retirement benefits began to be received though after approximately $^{12}/_{20}$ths of their total had accrued (in view of defendant's later completion of twenty years military service).

The trial court rendered summary judgment in the form of *in rem* decree as applied to retirement benefits to accrue after date of March 3rd, 1978, date of the judgment. The trial court preserved the cause of action of plaintiff against defendant for the retirement benefits received prior to March 3rd, 1978, by severance of her cause of action therefor from her cause of action adjudicated upon rights to receive a portion of defendant's benefits to accrue in the future. See Tex.R.Civ.P. 174, "Consolidation; Separate Trials". That cause, as severed, pends for trial.

We affirm the judgment.

The parties, plaintiff and defendant, were formerly husband and wife, having married on February 6, 1954, a time when defendant Harley O. Matthews resided in Arizona and was in military service (from April 16, 1952). They were divorced, after eleven years, by decree dated December 6, 1965. Slightly less than seven years thereafter, on September 1, 1972, the defendant retired from military service. Service in the military by defendant was continuous, being slightly in excess of twenty years.

The parties resided in Arizona until 1959; from 1959 to 1963 defendant was stationed in Alaska; and from the latter part of July in 1963 to time of the 1965 divorce he was stationed in Texas. The parties' separation took place the latter part of 1964; it was approximately one year thereafter they were divorced. A judgment of divorce was granted upon petition of the husband in a suit wherein the wife, though served with citation, wholly failed to appear. The divorce decree granted custody of the two children of the parties to the wife, with amounts for support of each child assessed against their father, the defendant in this action. The only mention made of property in the decree of divorce was the recitation of the final paragraph of the judgment, viz: "The parties hereto are not possessed of any community property subject to division of the Court."

No part of the record displays the petition upon which the parties' divorce was granted; nor is anything shown relative to the evidence adduced in support of the petition.

The form or action presented on appeal is not that of a case for bill of review. The action, simply stated, is to adjudicate that which should have been adjudicated as part of the divorce proceedings but was not considered and disposed of at that time. The recitations of plaintiff's petition are in the form of those for partition of property rights in the defendant's military retirement benefits under the claim of rights of co-tenancy. Pleading and trial on the motion for summary judgment were without regard for those rights possessed by a divorce court upon granting decree of divorce, i. e., the right and duty of a court trying a divorce case is to apportion the

property of the parties under principles of equity, i. e., in a manner which would seem just and fair under all the circumstances. Our holding is that by the form of action from the judgment in which there has been the appeal none of the equitable matters mentioned could have been material in any event; that proper disposition was as of a case at law by co-tenants for partition.

We know from the evidence to be considered upon a hearing for summary judgment that at time of the parties' divorce there existed community property in the form of defendant's contingent and conditional expectancy of entitlement, eventually, to military retirement benefits; and we furthermore know from the judgment granting the defendant a divorce that the divorce court did not take such into consideration upon rendition of its decree. Therefore, such property rights persisted, for an *in rem* adjudication, upon plaintiff's suit.

We consider the law settled that because the parties' community interest in the retirement benefits were not in fact a part of the adjudication of the divorce court the matter of equitable apportionment ceased to be a matter of concern. Equitable considerations would not have thereafter mattered (save upon a re-entry into the same case as by proceedings in a bill of review case). What the apportionment might have been if made by the divorce court is of no importance. After divorce, if it develops that there was community property concealed or not adjudicated pursuant to the divorce proceedings, the former husband and wife become co-tenants or joint owners of the property just as if they had never been married; and they would own undivided interests in the property like unto the relation of tenants in common, subject to all the rules and regulations strangers bear to each other where they are in that relation. *Taylor v. Catalon,* 140 Tex. 38, 166 S.W.2d 102 (1942); *Kirkwood v. Domnan,* 80 Tex. 645, 16 S.W. 428 (1891); *Novy v. Novy,* 231 S.W.2d 780 (Tex.Civ.App.—Austin 1950, writ dism'd); *Wade v. Wade,* 295 S.W.2d 939 (Tex.Civ.App.—San Antonio 1956, no writ). This principle of law was recognized, without having been stated, in *Herring v. Blakeley,* 385 S.W.2d 843, 848 (Tex.1965) where there were directions to the trial court concerning the judgment it should render following remand of the cause.

██ In the case before us, where the summary judgment was granted to a movant in position of plaintiff, there is no suggestion in the record that no part of the retirement benefits was community property. Consequently, the divorce decree having made no disposition of the property, the law did not vest any title thereto in either the husband or the wife. Rather did the failure to take into consideration the retirement benefits upon entry of the divorce decree convert the retirement benefits into property belonging to them in the capacity of co-tenants. Furthermore, because of that want of adjudication as part of the divorce judgment the subsequently instituted partition suit of the plaintiff was not subject to defendant's plea of *res judicata*; there could not have been error by the trial court in overruling the defendant's motion for summary judgment on the theory that the divorce judgment recitation, "[t]he parties hereto are not possessed of any community property subject to division of the Court", constituted an erroneous adjudication (from which the divorced wife could have appealed) that the retirement benefits were the husband's separate property.

██ By the recitation of the divorce judgment we hold there was express declaration by the divorce court that its power of disposition of community property of the parties divorced was not exercised because there was no such property,—clearly the statement of an erroneous legal conclusion—but in no sense even implying an adjudication or even a finding or conclusion upon the facts. *Dessommes v. Dessommes,* 461 S.W.2d 525 (Tex.Civ.App.—Waco 1970, no writ); *Dessommes v. Dessommes,* 505 S.W.2d 673, 676 (Tex.Civ.App.—Dallas 1973, writ ref'd n. r. e.).

██ If the trial of a divorce case might involve controversy between the parties upon any property it should be adjudicated; if such controversy is not made at the di-

vorce trial the right to have it adjudicated as part of such proceedings is waived and lost. But, as applied to the interest of either party in property upon which there was no adjudication, though there might have been, neither party would be debarred of property rights in and to the property—sought to be established by suit thereafter brought. *Whetstone v. Coffey,* 48 Tex. 269 (1877); *Gray v. Thomas,* 83 Tex. 246, 18 S.W. 721 (1892); *Busby v. Busby,* 457 S.W.2d 551 (Tex.1970); *Clendenin v. Krock,* 527 S.W.2d 471 (Tex.Civ.App.—San Antonio 1975, no writ); *Harkness v. McQueen,* 207 S.W.2d 676 (Tex.Civ.App.—Galveston 1947, no writ); 3 Speer, Marital Rights in Texas (4th Ed.) (1961) p. 329, "Divorce" § 889, "Binding effect of decrees, generally".

■ Furthermore, we deem the recitation of the divorce decree to support plaintiff and not the defendant, sufficing to support plaintiff's motion for summary judgment as proof that the retirement benefits were not adjudicated. Not having been countered by defendant the fact of no prior adjudication is deemed proved.

Discussed above, with holdings made, has been the matter of the trial court's duty to treat the accumulated right to retirement benefits (as of the time of divorce) as community property; further, that as applied thereto the parties stood as tenants in common after the divorce. The question now considered relates to amounts, i. e., what was a correct percentage of the retirement benefits, as of the date of the divorce, to be apportioned—as partitioned—to the plaintiff. Texas is a community property state, but the parties were residents in Texas for only the last two years of those during the parties' coverture, having resided in Arizona and Alaska before the last two years.

By this a question is created as result of residence in different states, during the entire period of which we must consider that the right of the defendant to military retirement benefits was accruing.

Was the trial court correct in dealing with the retirement benefits as though all rights thereto accumulated by the parties had been because they were Texas residents (whereby the entire amount as of the date of the divorce, should be treated as ruled by the laws of Texas), or, should the trial court have considered the amounts accrued while the parties resided in Arizona and Alaska (so that as severed periods the property be determined as whether separate or community, etc.)? In other words, in the event we should, for purposes of discussion, treat the situation as one where by the laws of both Arizona and Alaska the portions of accumulated retirement rights constituted separate and not community property, would the trial court have been correct to disregard that fact and treat retirement benefits accrued in those foreign states as immaterial?

By tests applied as appropriate to summary judgment cases, we find in the instant case a want of necessity to become concerned. Any question bearing thereupon may be disregarded because in this case neither party (at or prior to time of the trial of the case on summary judgment) moved that the trial court take judicial notice of the public statutes or court decisions of any state other than Texas. Tex.R. Civ.P. 184a, "Judicial Notice of Law of Other States, Etc."

■ To have the laws and decisions of Arizona and/or Alaska judicially noticed could only have benefitted the defendant in this summary judgment case, where he was respondent to the motion for judgment. It was to the benefit of plaintiff movant that the trial court presume that Texas law applied. Under the duties incumbent on a plaintiff/movant in summary judgment proceedings he is obliged to prove that on at least one of his theories every element essential to his recovery is so clearly established that there is no substantial issue of fact as to the truth of his contentions, at least where the case involves no affirmative defense. 4 McDonald, Texas Civil Practice, 1971 Rev., p. 132, "Judgments", § 17.26.2, "Summary Judgment,—B. When Proper. (I) On Whole Case."

■ Nevertheless, under Texas law it is declared that where the provisions of Tex.R.Civ.P. 184a are not invoked, and

where the law of the foreign state upon which there is reliance is not proved, it will be presumed that the law of the other state is the same as the law of Texas. 23 Tex. Jur.2d 152, "Evidence", § 108, "Law of other state or foreign country." We hold that it is the burden of a defendant respondent to a motion for summary judgment against him by the provisions of Tex.R.Civ.P. 166–A, "Summary Judgment", to either invoke the provisions of Tex.R.Civ.P. 184a or to counter the proof of the plaintiff's motion for summary judgment by his own summary judgment evidence proving to have been other than it is in Texas the law existent at any material time in the foreign state. Failing to do either he will become bound by the presumption that the applicable law is the same as that in Texas. In other words, a defendant respondent to a plaintiff's motion for summary judgment may not complain on appeal of any want in sufficiency of such movant's summary judgment evidence merely because he has not shown the inability of defendant respondent to make a fact issue through proof of the law appertaining to some foreign state. Considered as matter relating to summary judgment proof it would be respondent's and not movant's burden to show inapplicability of the Texas law.

█ In the partition of property in a divorce case to consider the retirement benefits as having constituted community property—in totality as accumulated to time of the trial—would furthermore be in the provisions of Tex.Family Code Ann. Title 1, Subtitle B, "Property Rights and Liabilities", at § 5.02, "Presumption". Therein is provided that where the contrary is not otherwise shown it is the presumption of law that all property of either spouse during or on dissolution of their marriage is community property. At time of the parties' divorce the same was provided by Tex. Rev.Civ.Stat.Ann. art. 4619, "Community Property". By this provision the trial court, in the absence of anything to the contrary, would be bound to treat the retirement benefits exactly as would the divorce court have been bound to treat them had that property been presented for adjudication on the trial of the divorce case.

█ Furthermore, pertinent to this case, should notice be taken of the amendment of Tex.R.Civ.P. 166–A, § (c), effective January 1, 1978 and in full force at time of the hearing below. Thereby, as applied to summary judgment proceedings, is provided that "issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal". By force of this rule a party to a summary judgment proceeding, who anticipates the possibility that there might be an appeal, must, in an abundance of precaution, either plead or prepare and present some instrument to the trial court by which he discloses all issues upon which the court is expected to act or rule; otherwise, save for that upon which the court does act or rule, he may not complain on appeal in reliance on existence or nonexistence of any issue not acted upon or ruled upon by the summary judgment. In the case before us there was no such written motion or answer appropriate to defendant respondent's contentions. Only upon his claim of *res judicata* and his obvious resistance of the propriety of any summary judgment against him by those facts against his interest relied on by plaintiff movant would this appellate court have authority to reverse the judgment. The facts relied upon by plaintiff are such as are to be deemed proved in the absence of counter-affidavits, and on these defendant respondent has filed none. On the legal issue of applicability of the laws of any state other than Texas nothing at all was ever presented to the trial court.

The judgment is affirmed.