[No. 8570-1-I. Division One. January 18, 1982.]

*In the Matter of the Marriage of* JACQUELYNE M.
MOLVIK, *Appellant, and* DONALD M.
MOLVIK, *Respondent.*

*John C. Stephenson,* for appellant.

*Peter D. Preston,* for respondent.

ANDERSEN, C.J.—

FACTS OF CASE

Jacquelyne M. Molvik appeals from an order dismissing her petition for distribution of undisclosed assets without prejudice.

The procedural facts are undisputed. A decree of disso-

lution was entered on December 4, 1973. On March 15, 1979, Mrs. Molvik filed a petition for distribution of undisclosed assets alleging that her former husband, who had been found guilty in federal district court for filing false tax returns for 1974, had concealed and failed to disclose certain community property including United States savings bonds and money in various checking accounts. Her former husband filed a response to the petition alleging in part that it failed to state a claim upon which relief could be granted. He thereafter moved to dismiss the petition on the ground that the court lacked jurisdiction because the action should have been commenced as an independent action and not as part of the previous dissolution case. The trial court granted the motion and dismissed the petition without prejudice.

Two issues are dispositive of this appeal.

## ISSUES

ISSUE ONE. Is the order dismissing the petition for distribution of undisclosed assets without prejudice appealable as a matter of right under RAP 2.2?

ISSUE TWO. Did the trial court commit probable error in determining that a former spouse claiming an interest in community assets not distributed in the decree of dissolution must commence a separate civil action?

## DECISION

ISSUE ONE.

CONCLUSION. The order dismissing the petition for distribution of undisclosed assets without prejudice is not appealable as a matter of right.

RAP 2.2 specifically enumerates which superior court decisions are appealable as a matter of right. Under RAP 2.2(a)(3) an appeal is permitted from

> Any written decision affecting a substantial right in a civil case which in effect determines the action and prevents a final judgment or discontinues the action.

Under this rule decisions are appealable which in substance determine the action and prevent a final judgment. *See*

*generally* 2A L. Orland, Wash. Prac. § 3064 (3d ed. 1978); Washington State Bar Ass'n, *Washington Appellate Practice Handbook* § 9.3(e) (1980).

 Here, the order of dismissal without prejudice does not satisfy this criteria because it is not a decision which determines the action, prevents a final judgment or discontinues the action. The former wife was free to commence an action in accordance with the civil rules seeking the same relief. We accordingly hold that the order of dismissal is not appealable as a matter of right under RAP 2.2. It was therefore only subject to discretionary review. RAP 2.3.

ISSUE TWO.

CONCLUSION. The trial court did not commit probable error in determining that a former spouse claiming an interest as a cotenant in community property assets which were not distributed in the decree of dissolution must commence a separate and independent civil action.

Because the order of dismissal was not appealable as a matter of right, the notice of appeal will be given the same effect as a notice of discretionary review. RAP 5.1(c). Under RAP 2.3(b)(2) discretionary review will be accepted only if the trial court has committed probable error and the decision substantially limits the freedom of a party to act. We find no error, and therefore decline to accept discretionary review.

 It is well settled that community property not disposed of in a decree of dissolution is owned thereafter by the former spouses as tenants in common. *Yeats v. Estate of Yeats*, 90 Wn.2d 201, 580 P.2d 617 (1978). Thus, a former spouse is entitled to bring an action seeking partition or other declaratory relief after the dissolution. *Lambert v. Lambert*, 66 Wn.2d 503, 403 P.2d 664 (1965); *Olsen v. Roberts*, 42 Wn.2d 862, 259 P.2d 418 (1953). In the appropriate case a former spouse may move to vacate the decree of dissolution under CR 60(b), *Seals v. Seals*, 22 Wn. App. 652, 590 P.2d 1301 (1979). However, in most instances a separate independent civil action should be commenced. *See Olsen v. Roberts, supra; In re Marriage of*

*de Carteret,* 26 Wn. App. 907, 910 n.2, 615 P.2d 513 (1980).

Although not controlling, we find that the cases in California which require a former spouse to bring an independent action are persuasive. In *Henn v. Henn,* 26 Cal. 3d 323, 332, 605 P.2d 10, 161 Cal. Rptr. 502, 506 (1980) the court stated:

> There are no reported decisions that have held that a community property claim to an asset left unmentioned in a prior judicial division of community property may be adjudicated in a motion to modify the prior decree. The only reported decisions that address this issue correctly conclude that such claims may only be adjudicated in a separate action.

*Accord, In re Marriage of Cobb,* 68 Cal. App. 3d 855, 137 Cal. Rptr. 670 (1977).

We hold that the trial court properly granted the motion to dismiss without prejudice on the ground that Mrs. Molvik was entitled to bring a separate and independent action seeking the same relief prayed for in her petition.

Since the trial court's order was not appealable as a matter of right, it was subject to dismissal by motion had such a motion been made. RAP 18.9(a), (c). We exercise our discretion against allowing respondent actual attorneys' fees. *See* (CPR) DR 2–106; *Rainier Pac. Supply, Inc. v. Gray,* 30 Wn. App. 340, 344, 633 P.2d 1355 (1981).

The case is dismissed.

RINGOLD and DURHAM, JJ., concur.

Reconsideration denied March 2, 1982.