[No. 7135–5–II.   Division Two.   December 5, 1985.]

HELEN DEVINE, *Appellant,* v. DAVID DEVINE, *Respondent.*

*Philip H. DeTurk,* for appellant.

*Murray J. Anderson* and *Anderson & Anderson,* for respondent.

REED, J.—This much we know from the concessions of the parties in their skeletal superior court pleadings and their briefs on appeal:

The Devines were married in Washington in 1966. David was an employee of the Seattle Police Department. David retired in 1970 and began receiving pension benefits. In 1973, the Devines moved to Hawaii where, by final decree dated October 17, 1980, they were divorced. Because the court was not apprised of David's pension, it was neither mentioned nor distributed in the decree.

The Devines returned to Washington and, in 1982, Helen obtained a Pierce County Superior Court "judgment" enforcing certain provisions of the Hawaii decree. Helen's request for an interest in the pension was denied, the court stating it had no jurisdiction. The court did, however, provide for resubmission of that issue "at a later date."

On November 12, 1982, Helen filed an "amended complaint" in the same cause, again seeking a resolution of the pension issue. David apparently filed an answer, because both parties refer to one in various documents, but no such pleading appears of record. Helen filed a reply. David filed what he now says was incorrectly denominated a motion for judgment on the pleadings, but was, in reality, a motion to dismiss for lack of jurisdiction. The trial court agreed it had no jurisdiction and dismissed Helen's suit. Helen appealed.

In the interest of justice, and because the facts do not appear to be disputed, we choose to overlook the wretched state of the record (RAP 1.2(a)), hold that the trial court erred by dismissing Helen's suit, and remand for further proceedings.

Under Washington law, the portion of a pension earned

during marriage by Washington residents is community property. *Wilder v. Wilder,* 85 Wn.2d 364, 366, 534 P.2d 1355 (1975); *Payne v. Payne,* 82 Wn.2d 573, 576, 512 P.2d 736 (1973). Although no decision of this state has applied this rule specifically to police pensions governed by RCW 41.20, in *Farver v. Department of Retirement Sys.,* 97 Wn.2d 344, 346–48, 644 P.2d 1149 (1982), the court held that a similar pension of a Washington State Patrolman was community property.

▪ Also, Washington subscribes to the general proposition that:

> Whatever may be the underlying theoretical considerations that support it, the proposition that a change of domicil by a husband and wife from a state in which the community property system obtains to a state in which it does not, or vice versa, has no effect on the character, as separate or community property, of property acquired prior to the removal or property into which such property can be traced, is almost universally accepted.

(Footnote omitted.) Annot., *Change of Domicil as Affecting Character of Property Previously Acquired as Separate or Community Property,* 14 A.L.R.3d 404, 411–12 (1967). *See, e.g., In re Estate of Gulstine,* 166 Wash. 325, 330, 6 P.2d 628 (1932); 15A Am. Jur. 2d *Community Property* § 18 (1976).

▪ Community property left undistributed by a decree of divorce is owned by the parties as tenants in common. *Yeats v. Estate of Yeats,* 90 Wn.2d 201, 203, 580 P.2d 617 (1978). *See also* 15A Am. Jur. 2d *Community Property* § 103 (1976); Annot., *Divorce Decree as Res Judicata in Respect of Community Property,* 85 A.L.R. 339, 340 (1933); I. Baxter, *Marital Property* § 22.2 (1973).

▪ Although we have found no Hawaii decision involving undistributed "community property," Hawaii has applied an analogous rule to undistributed property previously held by the parties as tenants by the entirety. *Jendrusch v. Jendrusch,* 1 Hawaii App. 605, 623 P.2d 893, 897 n.4 (1981); *Madden v. Madden,* 44 Hawaii 442, 355 P.2d 33,

38 (1960); *Chock v. Chock,* 39 Hawaii 657, 658–59 (1953); *see also* 24 Am. Jur. 2d *Divorce and Separation* § 957 (1983). In addition, both Washington and Hawaii permit the adjudication of rights and community assets not disclosed to the divorce court, and not distributed in the property division, by an independent action for partition or for declaratory relief. *In re Marriage of Molvik,* 31 Wn. App. 133, 135–36, 639 P.2d 238 (1982); *Jendrusch v. Jendrusch, supra.*

We do not agree with David that the Hawaii statutes upon which he relies somehow vest exclusive jurisdiction in Hawaii divorce courts to resolve disputes over property left undistributed by their decrees. Hawaii statutory law[1] merely creates a rebuttable presumption that all property acquired in the name of either spouse at any time is the separate property of that spouse. Clearly, it applies to controversies over property that is *before* the Hawaii court for disposition, whether in an original divorce proceeding, supplementary proceedings where the court has reserved jurisdiction, or in an independent action where the Hawaii court has obtained jurisdiction again. David's pension was not before the court. The presumption cannot survive the decree, and has no extraterritorial effect.

Nor do the other two Hawaii statutes relied upon by David support his argument.[2] Suffice it to say, these stat-

---

[1]"There is a rebuttable presumption that all property, both real and personal, acquired in the name of the husband or of the wife, without regard to the time of acquisition thereof, is the separate property of the spouse in the name of whom the same has been acquired." Hawaii Rev. Stat. § 572–21 (Supp. 1984), formerly Hawaii Rev. Stat. § 510–1 (1976).

[2]Hawaii Rev. Stat. § 580–47(a)–(b) (Supp. 1984) provides in part:
"(a) Upon granting a divorce, . . . the court may make such further orders as shall appear just and equitable . . . finally dividing and distributing the estate of the parties, real, personal, or mixed, whether community, joint, or separate . . .
" . . .
"(b) An order as to the . . . division of property . . . shall be final and conclusive as to both parties subject only to appeal as in civil cases." (A predecessor statute, Hawaii Rev. Stat. § 580–47 (1976), did not substantively differ from the present statute.)
Hawaii Rev. Stat. § 580–56(a) (1976) provides:

744

utes also presuppose that the property was before the court for division. The effect of these statutes simply is to deprive the Hawaii *divorce* court (family court) of jurisdiction to adjudicate the property rights of the parties. *De Mello v. De Mello,* 3 Hawaii App. 165, 646 P.2d 409, 411 (1982). The statutes do not, however, preclude a later suit for partition of the undistributed jointly owned property. *Jendrusch v. Jendrusch, supra; see also* W. DeFuniak & M. Vaughn, *Community Property* § 229 (2d ed. 1971).

We reject David's argument that, because no Washington decision had applied the rationale of *Wilder, Payne* and *Farver* to police pensions before the parties moved to Hawaii, this pension must have been David's separate property and remains such despite no mention of it in the Hawaii decree. David cites no authority for this proposition. Helen is seeking a decision on precisely this issue.

In conclusion, David has provided us with no basis for concluding that the Superior Court for Pierce County had no jurisdiction over Helen's suit to partition property presumptively held as tenants in common by divorced parties. We reverse and remand for further proceedings consistent with this opinion.

WORSWICK, C.J., and ALEXANDER, J., concur.

"Every decree of divorce which does not specifically recite that the final division of the property of the parties is reserved for further hearing, decision, and orders shall finally divide the property of the parties to such action."