[No. 22063-6-II.    Division Two.    October 16, 1998.]

CHONG L. WAGERS, *Appellant*, v. VIRGIL A. GOODWIN, *Respondent*.

*Shawn B. Briggs* of *Briggs & Briggs*, for appellant.
*Leslie O. Stomsvik*, for respondent.

HUNT, J. — Chong L. Wagers brought a declaratory judgment action against her former husband, Virgil A. Goodwin, for distribution of a share of his military pension. The trial court granted Goodwin's motion for summary judgment, dismissing Wagers' declaratory judgment action and ruling that Wagers should have moved to reopen the dissolution decree under CR 60(b). Wagers appeals, arguing that a declaratory judgment action is a proper procedure for postdissolution distribution of an overlooked marital asset. We agree, reverse summary judgment, and remand.

## FACTS

Virgil Goodwin (Goodwin) and Chong Lon Goodwin (now Wagers) were married in 1979. They proceeded pro se to obtain a dissolution in Pierce County in 1989. Although

Goodwin was in the U.S. Army during the entire length of the marriage, the decree said nothing about his military pension. Goodwin retired from the Army at the end of 1995 and began collecting the pension.

In 1996, Wagers filed a complaint for declaratory judgment, asking the superior court to establish the amount of each party's interest in the pension. She moved for summary judgment, arguing that because the military pension was a marital asset not distributed by the decree, the parties continued to hold it as tenants in common, available for distribution by the court.

Goodwin also moved for summary judgment, arguing, inter alia, that Wagers was not entitled to a declaratory judgment because she had another adequate remedy at law—a motion to reopen the original dissolution judgment under CR 60(b)(11). Goodwin contended that the reason the decree did not mention the pension was that Wagers "did not want any part" of it as long as she could keep the bulk of the other marital property and receive child support.

The trial court ruled that Goodwin had created a disputed issue of material fact as to whether Wagers was estopped from claiming a share of the pension, but that Wagers should have proceeded by motion to reopen the decree rather than filing an independent action for declaratory judgment. The court granted Goodwin's motion to dismiss on this procedural ground. In determining whether summary judgment was appropriate, the trial court considered several pieces of evidence. Wagers contests the admissibility of two: (1) an unsigned, undated letter allegedly written by Wagers' new husband; and (2) a declaration from Goodwin. Goodwin seeks to have the trial court's order affirmed, and he also seeks attorney fees on appeal.

## ANALYSIS
### I. DECLARATORY JUDGMENT

Goodwin invokes the rule that "a plaintiff is not entitled to relief by way of a declaratory judgment if,

otherwise, he has a completely adequate remedy available to him." *Reeder v. King County*, 57 Wn.2d 563, 564, 358 P.2d 810 (1961) (quoted in *Seattle-King County Council of Camp Fire v. Department of Revenue*, 105 Wn.2d 55, 58, 711 P.2d 300 (1985)). Since 1967, however, CR 57 has provided: "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." The court rule and the case law can be harmonized in this way: Ordinarily, where a plaintiff has another adequate remedy, he or she should not proceed by way of a declaratory judgment action; but declaratory relief may be "appropriate" in some situations, notwithstanding the availability of another remedy. *See City of Federal Way v. King County*, 62 Wn. App. 530, 535 n.3, 815 P.2d 790 (1991) (declaratory judgment action proper to challenge *facial validity* of ordinance vacating public road, whereas writ of certiorari is used to review typical land use decision).

Wagers relies on *In re Marriage of Monaghan*, 78 Wn. App. 918, 929, 899 P.2d 841 (1995), in which we reiterated the rule that community property not distributed by decree is held by the parties as tenants in common. We also noted that adjudication of the parties' rights "requires an independent action for partition[,]" citing *Devine v. Devine*, 42 Wn. App. 740, 743, 711 P.2d 1034 (1985). *Devine*, in turn, held that the proper procedure for seeking adjudication of rights in assets not distributed by the decree is "an independent action for partition or for declaratory relief." 42 Wn. App. at 743 (undisclosed asset was police pension).

We have also ruled that "[p]ension benefits constitute property rights in the nature of deferred compensation, even if the benefits are not presently payable." *In re Marriage of Wright*, 78 Wn. App. 230, 235, 896 P.2d 735 (1995). *See In re Marriage of de Carteret*, 26 Wn. App. 907, 615 P.2d 513 (1980) (former spouse brought a partition action to claim a share of an undistributed state employee

pension).[1] *See also In re Marriage of Molvik*, 31 Wn. App. 133, 135, 639 P.2d 238 (1982), where the court said: "In the appropriate case a former spouse may move to vacate the decree of dissolution under CR 60(b) . . . . However, in most instances a separate independent civil action should be commenced." (citations omitted).

A proceeding under CR 60(b)(11) to reopen the judgment is available only in "extraordinary circumstances." *In re Marriage of Flannagan*, 42 Wn. App. 214, 221, 709 P.2d 1247 (1985). We held in *Flannagan* that a party seeking retroactive application of the federal Uniformed Services Former Spouses' Protection Act (USFSPA)[2] could move in superior court under CR 60(b)(11) to reopen a final dissolution decree. 42 Wn. App. at 222. This ruling is consistent with RCW 26.09.170(1), which provides that property distribution portions of a decree may be modified only if "the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state."

But reliance on CR 60(b)(11) to modify a decree as to overlooked, undistributed property is highly questionable. *Molvik*, 31 Wn. App. at 135 (generally a "separate independent civil action should be commenced" in this situation); *In re Marriage of Tang*, 57 Wn. App. 648, 655-56, 789 P.2d 118 (1990) (Use of CR 60(b)(11) to reopen dissolution decree generally invoked by courts in "unusual situations which typically involve reliance on mistaken information"; not appropriate where wife sought to reallocate assets not mentioned in dissolution decree).

We recently noted that dissolution property settlements have been reopened under CR 60(b)(11) in only three Washington cases, each involving the same "extraordinary circumstance," namely, the retroactive application of the

---

[1]We note that RCW 7.52.010 does not apply in this context because it gives a right of action to tenants in common wishing to partition *real property*, not other types of assets, such as a pension.

[2]10 U.S.C. § 1408.

USFSPA, discussed *supra*. *In re Marriage of Jennings*, 91 Wn. App 543, 546, 958 P.2d 358 (1998). A "compelling policy interest favoring finality in property settlements" militates against setting aside dissolution decrees, except in situations involving "extraordinary circumstance[s.]" *Jennings*, 91 Wn. App. at 548.

■ In light of the foregoing cases, we reverse the trial court's ruling that Wagers cannot continue the present action and must refile under CR 60 in the original dissolution. Her declaratory judgment complaint is "appropriate" in these circumstances. She seeks to partition an undisclosed and undistributed marital asset, Goodwin's Army pension. Rather than trying to reopen the judgment under CR 60(b), she had every right to file "an independent action for partition or for declaratory relief" to adjudicate the parties' rights to the pension. *Devine*, 42 Wn. App. at 743.

## II. UNSIGNED, UNDATED LETTER

■ Wagers contends that we should grant her summary judgment on grounds that the defense of equitable estoppel is not available to Goodwin because the only documents he offered to create a disputed issue of material fact are inadmissible. One such document is an unsigned, undated excerpt of a letter discussing the parties' finances, apparently from the man for whom Wagers left Goodwin. As Wagers correctly points out, this letter was not authenticated and is inadmissible in present form. *See* ER 901. Summary judgment must rest upon admissible evidence. *Vacova Co. v. Farrell*, 62 Wn. App. 386, 395, 814 P.2d 255 (1991).

Wagers also correctly notes that the letter constitutes inadmissible hearsay, ER 801, and is not admissible under any of the hearsay exceptions. Washington courts generally prohibit hearsay based upon the principle that "untrustworthy evidence should not be presented to the triers of fact." *In re Dependency of Penelope B.*, 104 Wn.2d 643, 651, 709 P.2d 1185 (1985) (citation omitted). Because this letter was inadmissible under both ER 801 and ER 901, we agree

with Wagers that the trial court should not have considered this letter in making its ruling and should not consider the letter in future proceedings unless authenticated.

## III. INFORMATION CONVEYED DURING SETTLEMENT NEGOTIATIONS

The other questioned document, Goodwin's declaration, states that Wagers "did not want any part" of the pension, so long as she received other property and child support. Wagers argues that this document is inadmissible because it reflects information conveyed during settlement negotiations. We disagree.

The applicable evidence rule, ER 408, renders inadmissible offers "to compromise a claim which was disputed as to either validity or amount" and "[e]vidence of conduct or statements made in compromise negotiations." Although Goodwin's pension was not disputed as to validity or amount, it was an asset that, according to Goodwin, the parties discussed during negotiations and ultimately agreed to omit from the decree because Wagers accepted other property instead. Because we remand to the trial court to resolve this disputed fact, we need not rule on the admissibility of Goodwin's declaration under ER 408.

We note that the decree awarded a vehicle to each party; all household goods and furnishings to Wagers; and to Goodwin, only his clothing and "any household goods and furnishings" Wagers did not want. Although the decree should have listed the pension as a marital asset,[3] Goodwin is entitled to argue and to prove that Wagers' acceptance of other property was the reason for the omission and that she is estopped from claiming an interest in the pension

---

[3]Retirement pay, even though benefits are not presently available, is held to be deferred compensation subject to equitable distribution at dissolution. *In re Marriage of Pea*, 17 Wn. App. 728, 731, 566 P.2d 212 (1977).

now. *See Martin v. Martin,* 20 Wn. App. 686, 690-91, 581 P.2d 1085 (1978).[4]

## IV. ATTORNEY FEES

■ Goodwin requests attorney fees and costs on appeal, contending that this court should treat the matter as falling under RCW 26.09.140. Goodwin argues that under RCW 7.24.100 a party can recover only costs, and that part of Wagers' motivation in bringing this suit as a declaratory judgment action (rather than as a CR 60(b)(11) motion) was to avoid the risk of having to pay Goodwin's attorney fees if her claim was found to be without merit. Goodwin is correct that the term "costs" in RCW 7.24.100 does not include attorney fees, *Soundgarden v. Eikenberry,* 123 Wn.2d 750, 777, 871 P.2d 1050 (1994), except statutory attorney fees. *Seattle Sch. Dist. No. 1 v. State,* 90 Wn.2d 476, 541, 585 P.2d 71 (1978).

Nevertheless, we decline to treat this issue as falling under RCW 26.09.140, and we deny Goodwin's request for attorney fees on appeal.[5] Wagers' appeal was clearly not frivolous; she has prevailed on appeal and obtained reversal of the trial court's dismissal of her declaratory judgment action. Moreover, Goodwin has shown no financial need.

## CONCLUSION

On remand, if Goodwin is able to prove that Wagers had agreed to accept other assets in place of an interest in his pension, equitable estoppel principles will preclude her recovery of a share in his pension. But if Goodwin fails to prove such an agreement, the pension, as an undistributed

---

[4]Equitable estoppel may prevent the non-pension-holding spouse from claiming a share of the pension, but only where that spouse has committed acts or made statements inconsistent with a subsequent claim for a share of the pension. *de Carteret,* 26 Wn. App. at 909. In *Martin,* we held that a wife who knew about her husband's pension, mentioned it in her dissolution action pleadings, but failed to claim a community property interest in the pension, was estopped from later claiming an interest in the pension. 20 Wn. App. at 690-91.

[5]Even were Goodwin's request to fall under RCW 26.09.140, we would deny it.

asset, is held in cotenancy, in equal shares,[6] which the trial court may divide without reference to the previous division of assets upon dissolution.

Reversed and remanded.

SEINFELD and ARMSTRONG, JJ., concur.

---

[6]The trial court may not adjust a cotenancy interest when a separate action is brought asserting an interest in an undistributed asset. *de Carteret*, 26 Wn. App. at 909-10. The formula for dividing a pension undistributed at the time of dissolution is as follows: value of the pension times one-half of (years married while spouse was earning the pension, divided by years spouse had to work in order to be eligible to receive pension). *Pea*, 17 Wn. App. at 731. Here, for example, Wagers and Goodwin were married almost ten years, during which Goodwin was in the army and earning pension benefits. Goodwin was eligible for his pension after 20 years of service. Thus, Wagers' interest in the pension would be roughly 25 percent (one-half times 10/20).