# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| GARRETT D. STILWELL,<br><br>Appellant,<br><br>v.<br><br>DAVID T. LEWIS, III, in his capacity as Kitsap County Clerk and Clerk of the Kitsap County Superior Court,<br><br>Respondent. | No. 59048-4-II<br><br><br>UNPUBLISHED OPINION |

PRICE, J. — Garrett Stilwell appeals the superior court's dismissal of his case against the Kitsap County Superior Court Clerk, David Lewis, III. Stilwell had filed a declaratory judgment action in which he argued he was entitled to access to his juvenile dependency records. Lewis responded by moving to dismiss the case under CR 12(b)(6). Lewis argued that Stilwell had other adequate statutory remedies and declaratory judgment should therefore not have been available to him. The superior court agreed with Lewis and dismissed Stilwell's case.

Stilwell appeals, arguing that the other statutory remedies cited by Lewis do not apply and that declaratory judgment is still an appropriate vehicle for his relief. We agree with Stilwell; we reverse and remand for further proceedings.

## FACTS

Many years ago, while he was a juvenile, Stilwell was apparently involved in a dependency case in the Kitsap County Superior Court. In March 2023, as an adult, Stilwell went to the Kitsap County Superior Court Clerk's office to request the records related to this dependency case. He

discussed his request directly with Lewis and explained that he believed there were juvenile records about him held by the clerk's office. Lewis refused to provide records unless Stilwell could also provide the cause number for the dependency case, which Stilwell was unable to do. Lewis did not perform a search for Stilwell's name to find the cause number. Stilwell left without his records.

One month later, Stilwell filed a lawsuit against Lewis. He framed his complaint as a declaratory judgment action under the Uniform Declaratory Judgment Act (UDJA), chapter 7.24 RCW, and requested an injunction that would require Lewis to provide access to the records. Stilwell supported his action by arguing he had a right to his dependency records under RCW 13.50.100(7), which states that a juvenile "shall . . . be given access to" their records retained by a juvenile care agency upon request.

Lewis filed a motion to dismiss under CR 12(b)(6), arguing that Stilwell was not entitled to declaratory relief under the UDJA because Stilwell had other adequate statutory remedies under chapter 13.50 RCW. Specifically, Lewis referenced two provisions—RCW 13.50.100(8) ("A juvenile . . . denied access to any records following an agency determination under subsection (7) of this section may file a motion in juvenile court requesting access to the records.") and RCW 13.50.010(5) ("Any person who has reasonable cause to believe information concerning that person is included in the records of a juvenile justice or care agency and who has been denied access to those records by the agency may make a motion to the court for an order authorizing that person to inspect the juvenile justice or care agency record concerning that person.").

Relatedly, Lewis argued that the superior court did not have jurisdiction to hear Stilwell's declaratory judgment because there was not a "justiciable controversy." Clerk's Papers (CP) at 11. Lewis reasoned that Stilwell's case was not "an actual, present, and existing dispute . . . [because] [Stilwell had] not yet availed himself of his statutory remedy . . . ." CP at 12.

Lewis also questioned whether Stilwell had made an appropriate request for his records. Lewis argued that the county clerk was not included in the definition of a "juvenile . . . care agency" under chapter 13.50 RCW and, therefore, Stilwell should have made his request to the superior court (which is included in the definition). CP at 15. Lewis also pointed out that chapter 13.50 RCW appears to require a "determination" about whether release would cause Stilwell " 'severe psychological or physical harm,' " and he contended that, as the county clerk, he was not the correct person to make this "determination." CP at 15. Critically, Lewis did not argue that Stilwell lacked a *right* to his records; rather, he argued that Stilwell had either not requested his records correctly or had not sought judicial review of the denial correctly.

Stilwell responded that the two statutory remedies in chapter 13.50 RCW referenced by Lewis did not apply to his situation. And, in any event, even if there were alternative remedies under chapter 13.50 RCW, Stilwell argued that his right to declaratory relief was not barred.

The superior court granted Lewis' motion and dismissed Stilwell's lawsuit, apparently determining that because chapter 13.50 RCW provided adequate mechanisms for Stilwell's relief, there was no justiciable controversy as required for an action under the UDJA.

Stilwell appeals.

3

ANALYSIS

Stilwell argues the superior court erred; he contends that the statutory provisions included in chapter 13.50 RCW do not clearly apply to him and, therefore, declaratory relief is available as a remedy. Further, based upon Lewis' response to Stilwell's lawsuit, in which Lewis challenges the procedures Stilwell attempted to use, Stilwell contends the UDJA is well-suited to clarify the procedures of chapter 13.50 RCW and resolve this dispute. We agree.

I. LEGAL PRINCIPLES

A. STANDARD OF REVIEW AND CR 12(b)(6) DISMISSALS

We review a decision to dismiss under CR 12(b)(6) de novo. *Jackson v. Quality Loan Serv. Corp.*, 186 Wn. App. 838, 843, 347 P.3d 487, *review denied*, 184 Wn.2d 1011 (2015). Dismissal under CR 12(b)(6) is appropriate when the plaintiff cannot prove a set of facts consistent with the complaint that would entitle the plaintiff to relief. *Id.* " '[A]ny hypothetical situation conceivably raised by the complaint defeats a CR 12(b)(6) motion if it is legally sufficient to support the plaintiff's claim.' " *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Bravo v. Dolsen Cos.,* 125 Wn.2d 745, 750, 888 P.2d 147 (1995)).

B. STATUTORY INTERPRETATION

Issues of statutory construction are also reviewed do novo. *Id.* at 844. The goal of statutory interpretation is to ascertain and give effect to the legislature's intent. *Langhorst v. Dep't of Labor & Indus.*, 25 Wn. App. 2d 1, 8, 522 P.3d 60 (2022), *review denied*, 1 Wn.3d 1010 (2023). To determine the legislature's intent, we first look at the plain language of the statute. *Id.* at 9. "To decipher the plain language, we look at the meaning of the provisions in question as well as the context of the statute and related statutes." *Id.* If the plain language of a statute is

unambiguous, we accept the unambiguous meaning and our statutory construction analysis ends. *Id.* at 10.

### C. DECLARATORY JUDGMENT

The UDJA grants courts the power to declare rights, status and other legal relations with declaratory judgment. RCW 7.24.010. The purpose of the UDJA "is to 'settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations[.]' " *Bloome v. Haverly*, 154 Wn. App. 129, 140, 225 P.3d 330 (2010) (quoting RCW 7.24.120). Courts liberally construe and administer the UDJA. *Id.*

A party seeking relief under the UDJA must meet "certain threshold requirements," including showing that a "justiciable controversy" exists between the parties. *Id.* In the context of a declaratory judgment, a "justiciable controversy" requires the following four elements:

> "(1) . . . an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive."

*Id.* at 140-41 (internal quotation marks omitted) (quoting *To-Ro Trade Shows v. Collins*, 144 Wn.2d 403, 411, 27 P.3d 1149 (2001)).

Declaratory judgment is meant to be an additional, alternative form of relief, and the existence of another remedy does not preclude declaratory judgment. *Ronken v. Bd. of County Comm'rs of Snohomish County*, 89 Wn.2d 304, 310, 572 P.2d 1 (1977); *Donald v. City of Vancouver*, 43 Wn. App. 880, 883 n.2, 719 P.2d 966 (1986) (argument that plaintiff could not seek declaratory relief because he could have sought another remedy was "not well taken").

But a declaratory judgment action is not intended to apply to every question arising from any justiciable controversy. 26 C.J.S. DECLARATORY JUDGMENTS § 9 (2022). Even though the existence of an alternative remedy to declaratory judgment does not *bar* relief under the UDJA, "courts will be circumspect in granting such relief." *Ronken*, 89 Wn.2d at 310. Put another way, "under ordinary circumstances, if a plaintiff has another adequate remedy available, the plaintiff 'should not proceed by way of a declaratory judgment action; but declaratory relief may be appropriate in some situations, notwithstanding the availability of another remedy.' " *Sifferman v. Chelan County*, 19 Wn. App. 2d 631, 649, 496 P.3d 329 (2021) (internal quotation marks omitted) (quoting *Wagers v. Goodwin*, 92 Wn. App. 876, 880, 964 P.2d 1214 (1998)), *review denied*, 502 P.3d 860 (2022).

II. APPLICATION

Lewis does not appear to challenge Stilwell's fundamental entitlement to his juvenile records, but he objects to the use of the UDJA for Stilwell's demand for them. Lewis contends that Stilwell should have used remedies already included in chapter 13.50 RCW and not the UDJA. Specifically, Lewis asserts that Stilwell should have requested his records under RCW 13.50.100(8) or, perhaps, under RCW 13.50.100(10). Lewis contends that because chapter 13.50 RCW already contains adequate alternative remedies, the superior court properly dismissed Stilwell's UDJA claim.

Stilwell responds that the remedies within chapter 13.50 RCW do not appear to directly apply to his situation. Stilwell argues that the inapplicability of those other remedies shows that declaratory judgment should be available. And even if the other remedies in chapter 13.50 RCW *could* be read to apply, Stilwell argues that this does not necessarily preclude declaratory judgment.

6

As shown above, whether alternative statutory remedies exist is not dispositive on whether declaratory judgment is appropriate. *See Ronken*, 89 Wn.2d at 310. Still, because, in the ordinary case, the availability of adequate alternative remedies will affect the viability of a declaratory judgment action, we begin by considering whether the remedies identified by Lewis could have clearly applied to Stilwell.

Lewis first asserts that RCW 13.50.100(8) provides a viable pathway for Stilwell's request for his records. The statute states,

> A juvenile or his or her parent denied access to any records *following an agency determination under subsection (7)* of this section may file a motion in juvenile court requesting access to the records. The court shall grant the motion unless it finds access may not be permitted according to the standards found in subsection (7)(a) and (b) of this section.

RCW 13.50.100(8) (emphasis added). As seen from this language, the subsection expressly provides that a motion may be made *after* an agency makes a determination under subsection 7 of RCW 13.50.100. Subsection 7, in turn, references this determination in the context of a juvenile requesting their records from a juvenile care agency:

> A juvenile . . . shall, upon request, be given access to all records and information collected or retained by a juvenile . . . care agency which pertain to the juvenile except:
>
> (a) If it is *determined* by the agency *that release* of this information *is likely to cause severe psychological or physical harm to the juvenile* . . . the agency may withhold the information subject to other order of the court: PROVIDED, That if the court determines that limited release of the information is appropriate, the court may specify terms and conditions for the release of the information[.]

13.50.100(7) (emphasis added).

Reading subsections 7 and 8 together, the plain language provides that the juvenile may file a motion requesting access to their records only after an agency determination that "release of

th[e] information is likely to cause severe psychological or physical harm to the juvenile[.]" RCW 13.50.100(7), (8); *see In re Dependency of KB*, 150 Wn. App. 912, 921, 210 P.3d 330 (2009).

Lewis' position that these subsections could have applied to Stilwell suffers from a contradiction. On the one hand, RCW 13.50.100(8) does not, on its face, apply until a "determination" has been made about the potential for damage resulting from the release of juvenile records. On the other hand, Lewis argues that he, as the county clerk, is not the correct person to make such a determination. (Indeed, Lewis appears to concede that he never made any determination in this case.) The plain language of both RCWs 13.50.100(7) and .100(8) simply cannot be twisted to have clearly applied to Stilwell—although Lewis holds the records, he will not make a "determination," but Stilwell is unable to "file a motion" until a determination is made. In short, RCW 13.50.100(8) does not provide a clear alternative remedy for Stilwell.[1]

In an argument not made to the trial court, Lewis also argues that RCW 13.50.100(10) provides another alternative remedy for Stilwell. Subsection 10 allows a party to "request judicial review of the denial" of the records if they were denied access to juvenile dependency records when an "agency determination" was not made. *In re Dependency of KB*, 150 Wn. App. at 921 (holding that, unlike other subsections, RCW 13.50.100(10) can apply even if there is no preceding agency determination). Subsection 10, however, is silent about how this "judicial review" must occur—no specific cause of action is mentioned. Thus, subsection 10 appears to be less an

---

[1] Lewis' suggestion that Stilwell should have made his initial request to the superior court, not the clerk also suffers from contradiction. Lewis is correct that the "court," not the "clerk," is defined under the statute as the juvenile care agency. RCW 13.50.010(1)(c). However, the county clerk is designated by statute as the custodian of the records of the superior court. *See* RCW 36.23.030. Lewis offers no explanation of how chapter 13.50 RCW would have clearly steered Stilwell to make his request to the superior court when the juvenile records are held by the clerk.

alternative statutory remedy that would justify dismissing a request for declaratory judgment and more a recitation of Stilwell's right to his records.

Having considered, and rejected, Lewis' argument that RCW 13.50.100 clearly provided Stilwell adequate alternative remedies that would make declaratory judgment inappropriate, we turn to the fundamental question presented—whether the superior court erred in dismissing Stilwell's lawsuit under the UDJA. Indeed, regardless of available remedies, a proponent of a declaratory judgment must still show a justiciable controversy which, as noted above, requires four elements:

> (1) . . . an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive.

*Bloome*, 154 Wn. App. at 140-41 (internal quotation marks omitted).

At the superior court, Lewis argued that the first factor to show a "justiciable controversy" had not been met because of the existence of the other remedies. That argument now fails because of our conclusion that the chapter 13.50 RCW remedies do not clearly apply to Stilwell's pursuit of his records. And Lewis makes no meaningful arguments about the remaining elements for a judiciable controversy.

In fact, given the purposes of the UDJA, this case appears well-suited for declaratory judgment. As Lewis himself points out in his response, the requirement for a judiciable controversy is to avoid "step[ping] into the prohibited area of advisory opinions." Br. of Resp't at 10 (internal quotation marks omitted). But there would be nothing advisory about a declaratory judgment here. Both Stilwell and Lewis appear to agree that if there are juvenile records about

Stilwell, he is entitled to them. But both are locked in a genuine dispute about how he should go about getting his records.

Indeed, it is because Stilwell has no clear pathways in chapter 13.50 RCW that he asserts the UDJA is appropriate. Stilwell argues,

> The Clerk's argument is nothing but shifting sands. The Clerk has tried and failed to identify the exclusive remedy under which he claims [Stilwell] must sue three times. By constantly changing its argument, claiming different subsections of the statute apply, he necessarily concedes his argument that any one of them is exclusive.
>
> Instead, [Stilwell] properly brought a declaratory judgment action to have this dispute settled by the Court. That is the entire purpose of RCW 7.24, and the trial court erred in dismissing his well-pleaded lawsuit.

Reply Br. of Appellant at 13-14.

We agree with Stilwell. The two parties apparently have different views about how Stilwell is supposed to achieve getting his juvenile records—there is a need to " 'settle and to afford relief from uncertainty and insecurity' " with respect to Stilwell's rights to these records. *Bloome*, 154 Wn. App. at 140 (quoting RCW 7.24.120). One core purpose of declaratory judgment is to relieve uncertainty about a statute's application to a person's rights. *Id.* at 140, 146-47. In this case, presumably if the superior court addressed the merits of the dispute, a declaratory judgment would provide the parties with clarity on how Stilwell is to get access to his juvenile records, including to what agency the request should be made and the legal obligations of that agency.[2] A cause of action under the UDJA is viable under these specific circumstances. Thus, we reverse the superior court's dismissal and remand for further proceedings.

---

[2] Our opinion narrowly addresses the superior court's dismissal of Stilwell's complaint under CR 12(b)(6). We do not address the underlying merits of the dispute.

No. 59048-4-II

III. ATTORNEY FEES

Stilwell requests attorney fees for his appeal under RAP 18.1 and RCW 13.50.100(10). The rule enables us to award attorney fees if applicable law allows. RAP 18.1(a). In turn, RCW 13.50.100(10) provides that if a party prevails in seeking judicial review of his denial of records, they "shall be awarded attorneys' fees."

Here, the superior court dismissed the case following a CR 12(b)(6) motion to dismiss. The merits have yet to be addressed (indeed, Lewis appears uncertain he even possesses Stilwell's records.). Although Stilwell has prevailed in reversing the dismissal of his case, there has been no adjudication of the merits. Thus, Stilwell's claim for attorney fees is premature.

CONCLUSION

In the specific context of this case, a request for a declaratory judgment under the UDJA is an appropriate cause of action. We reverse and remand for further proceedings.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

VELJACIC, A.C.J.

CHE, J.

11