RHODA K. JENDRUSCH, now known as RHODA K. STALLING, Plaintiff-Appellant, *v.* CLAUDE E. JENDRUSCH, Defendant-Appellee

NO. 7251

FEBRUARY 17, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY BURNS, J.

In this post-divorce case, wife appeals the court's denial

of her Hawaii Family Court Rules (HFCR), rule 60(b)(6),[1] motion.

The parties married in 1949 and had three children. Wife filed a complaint for divorce on September 29, 1969.

On December 14, 1969 the parties, each represented by counsel, entered into a property settlement agreement (PSA). The only language in the PSA relevant to this case is as follows:

3. *Property to Wife:* Husband by these presents or by such other documents as shall be necessary, proper or convenient shall and does hereby transfer, assign, set over, release and deliver to the Wife, all of his right, title and interest in and to the following property:

\* \* \* \* \*

d. On the sale of the family residence, Wife shall receive $6,000.00 and Wife's Mother $2,000.00 representing their respective contribution to the purchase thereof.

\* \* \* \* \*

5. *Release of Estates.* The Husband and Wife do hereby . . . agree not to hereafter claim any interest in the other's property. . . .

6. *Incorporation in Interlocutory Decree of Divorce.* \*\*\* Each of the parties hereto shall personally, or through their attorneys, urge said Court or Courts that it approve this agreement and incorporate it in the Divorce Decree.

---

[1] RULE 60. RELIEF FROM DECREE OR ORDER.

\* \* \* \* \*

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the decree. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the decree, order, or proceeding was entered or taken. \* \* \*

On January 20, 1970 the lower court entered an Interlocutory Decree of Divorce which stated, *inter alia,*

> That the Property Settlement Agreement entered into by and between the parties on December 14, 1969, be and it hereby is approved and incorporated by reference herein,. . . .

The Final Decree of Divorce incorporating the terms of the interlocutory decree was entered on July 30, 1970. Thereafter, husband, as custodial parent, lived in the residence with the children.

On August 25, 1975 wife filed an order to show cause (OSC) asking that the court order the sale of the residence and for an equal division of the net proceeds after making the payments required by paragraph 3d of the PSA. By stipulation the hearing of the OSC was continued until moved on. On December 5, 1977 wife moved to set the OSC for hearing.

At the hearing, in response to the judge's question whether the court had jurisdiction to issue the order requested, wife's counsel argued that the court had such power under HFCR, rule 60(b)(6), contending that with respect to the residence the decree was ambiguous and that it lacked clarity and certainty as to what wife was to receive when the property was sold. Husband's position was that the family court did not have continuing jurisdiction over the property.

Upon the court's suggestion, wife filed a Motion for Relief from Decree of Divorce under HFCR, rule 60(b)(6), seeking "an order granting relief from the Decree of Divorce . . . as it relates to division of the parties marital Assets".

The court held a hearing on this motion and received evidence concerning the circumstances leading up to the PSA and the intent of the parties with respect to the content of the PSA.

Thereafter, the lower court issued its Decision and Order wherein it concluded that "the property settlement agreement represented the then agreement of the parties and that therefore there is nothing in the present motion that justifies the particular relief sought"; but it further concluded that the court had "jurisdiction and can therefore make an interpretation and enforce the implementation of the original decree

and agreement as a necessary adjunct to its decision in this case, since it appears that there is an ambiguity in the original agreement that requires resolution''.

The court then decided that the intention of the parties was to allow the husband to remain in the family home with the children, to have the husband pay the mortgage, to sell the house when the children reached majority, to pay wife and her mother $6,000.00 and $2,000.00, respectively, from the net proceeds and to pay the remainder to husband.

Noting that a sale of the residence would be onerous and burdensome to husband, the lower court ordered husband to pay wife, within one year from July 19, 1978, $6,000.00 plus interest at 7 percent per annum computed from and after October 13, 1976, the date on which the youngest child reached majority, and to pay wife's mother $2,000.00 upon the same terms.

On appeal wife contends that the lower court erred in finding that the PSA constituted a complete and final determination as to the division of their marital assets and that the PSA was fair and equitable to both parties.

Husband contends that the PSA is contractual and not merged into the decree because the agreement was approved by the court without the terms being set forth in the decree.

The positions taken by the parties present us with a most unusual situation. If the lower court was authorized to hear evidence about and to decide what was the intent of the parties in entering into the PSA and to give effect to that intent, then HFCR, rule 52(a), requires us to affirm its findings because they certainly are not clearly erroneous. Thus, if, as urged by wife, the lower court was authorized to grant her HFCR, rule 60(b)(6), motion then she loses both this appeal and her claim to co-ownership of the residence.

If husband is correct that the PSA is contractual and not merged into the decree, then the lower court had no jurisdiction with respect to the PSA. If the lower court had no jurisdiction with respect to the PSA, then the PSA and the Final Decree of Divorce remain unchanged and wife loses this appeal, but she remains a co-owner of the residence.

In our view, the first issue we must decide is whether the PSA merged into the decree. We must decide whether we are dealing with a contract or a judgment. On this issue we apply the rule stated in 24 AM JUR 2d *Divorce and Separation* § 908 (1966).

Where the language of the agreement shows an intent to make it part of the decree, and the agreement is actually incorporated into the decree, the provisions of the agreement are superseded by and merged into the decree. . . . [Footnote omitted.]

For purposes of this rule, we hold that an incorporation by reference, whether or not the decree fully and specifically sets forth all the terms of the PSA, is an actual incorporation.

In this case the rule applies[2] and the PSA lost its independent existence and merged into the decree. Thus we are not concerned with interpreting a contract; we are concerned with interpreting a judgment. Consequently, what wife really wanted was (1) an interpretation of the decree, and (2) depending on the interpretation, enforcement of or relief from the decree.

With respect to the interpretation of the judgment, the determinative factor is the intention of the court as gathered from all parts of the judgment itself. 46 AM JUR 2d *Judgments* § 73 (1969).

The lower court obviously construed the decree as awarding wife's share of the residence to husband except for the cash payments. Therefore, on appeal, the dispositive issue is whether the lower court was correct in its interpretation of the decree. We hold that it was wrong.

On this issue we are not bound by the lower court's interpretation. *Molokoa Village Dev. Co. v. Kauai Elec. Co.*, 60 Haw. 582, 593 P.2d 375 (1976). The lower court's interpretation is not protected by the clearly erroneous rule and is freely reviewable. 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil § 2589 (1971).

---

[2] We leave open the question whether merger may occur in other circumstances.

We hold that the decree did not award wife's share of the residence to husband. The key to our holding is the fact that immediately prior to the PSA and the decree, title to the residence was held in both parties' names.[3] Therefore, unless the decree ordered a different result, both parties continue to own. We find nothing in the decree which awards husband the wife's share of the residence. More specifically, we conclude that sub-paragraph 3d of the PSA, entitled "Property to Wife", did not award wife's interest in the residence to husband.

Therefore, except for a possible change in the type of tenancy,[4] the common ownership of the residence was not changed by the PSA and the decree.

One question remains. Where does wife go for the relief she originally sought in her OSC? That question raises the issue whether, after the decree was filed and the time for its appeal expired, the family court retained any jurisdiction concerning the residence and its ownership. We hold that it did not.

Hawaii Revised Statutes (HRS) § 580-56(a) (1976) provides as follows:

§ 580-56 Property rights following dissolution of marriage. (a) Every decree of divorce which does not specifically recite that the final division of the property of the parties is reserved for further hearing, decision, and orders shall finally divide the property of the parties to such action.

The Final Decree of Divorce did not expressly or impliedly reserve jurisdiction over the residence or its ownership. Sub-paragraph 3d of the PSA does not expressly or impliedly require the sale of the residence and it does not reserve

---

[3] The record suggests but does not confirm that title to the residence was held in joint tenancy.

[4] If the parties owned as tenants by the entirety, the divorce converted the tenancy into a tenancy in common. *Chock v. Chock*, 39 Haw. 657 (1953). Whether the same rule applies to a joint tenancy has not been decided in this jurisdiction. *See Snyder v. Snyder*, 298 Minn 43, 212 N.W.2d 869 (1973); *Federal Nat. Mortg. Asso. v. Elliott*, Kan. App. 566 P.2d 21 (1977).

jurisdiction pending sale. Thus, the family court's jurisdiction with respect to the residence terminated when the time to appeal the decree expired.

In our opinion, therefore, the family court had no jurisdiction to hear the OSC; it properly denied the HFCR, rule 60(b)(6), motion; and it was without jurisdiction to issue further orders concerning the residence. Wife's remedy was an action for partition under chapter 668, HRS (1976).

We affirm the denial of wife's HFCR, rule 60(b)(6), motion and we reverse all other orders of the lower court made in response to wife's HFCR, rule 60(b)(6), motion.

*W. Patrick O'Connor* for plaintiff-appellant.
*Richard D. Welsh* for defendant-appellee.