CAROL KAY WELLMAN, Plaintiff-Appellant, *v.* WILLIAM E. WELLMAN, Defendant-Appellee

NO. 12066

(FC-D NO. 94858)

APRIL 11, 1988

BURNS, C. J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Plaintiff Carol Kay Wellman (Carol) appeals the family court's March 18, 1987 denial of her October 7, 1986 Motion and Affidavit for Relief After Order or Decree (October 7, 1986 Motion). We affirm.

On March 1, 1976 Carol and William E. Wellman (William) entered into an Agreement in Contemplation of Divorce (AICOD) which states in relevant part as follows:

*CHILD SUPPORT.* Husband shall pay to Wife by military allotment the sum of $233.33 per child or the total sum of $699.99 per month for the support, maintenance, and education of the three minor children to be paid on the lst day of each month commencing with the lst day of March 1976 and continuing until the further order of the Court.

Child support shall be increased automatically following any service-wide cost of living increase granted during the time Husband remains in the service, with such increase to become effective on the lst day of the 1st month after the increase to Husband takes effect, and to be in the same percentage as the cost of living increase; that is, if Husband receives a 5 percent cost of living increase; effective October 15, 1976, the child support payment of November 1, 1976, shall be $699.99 plus 5 percent, or $734.99.

\* \* \*

*PROPERTY DIVISION.* The parties have agreed to the following division of properties held or acquired by them or either of them during the course of their marriage:

\* \* \*

f. Husband's retirement rights are a marital asset which shall be divided as follows: 1) Thirty days after Husband shall become eligible for retirement in any employment which utilizes his military service in calculating his retirement benefits, he shall pay directly to Wife, the sum of 30 percent of the monthly benefit he would be entitled to receive if retired, or 30 percent of the benefit he actually receives if then retired. Such payments shall be made monthly thereafter so long as Husband is eligible for or actually receives such retirement pay, and so long as Husband and Wife both shall live, without any increase or decrease in the monthly amount except that payments to Wife shall be increased at the time of and in the same percentage as any cost of living increase granted to retirees in the class on which the benefits are paid or calculated, and shall be de-

creased at the time of and in the same percentage as any general decrease in benefits imposed on all retirees in the class on which the benefits are paid or calculated.    *    *    *

*    *    *

[INCORPORATION] OF AGREEMENT IN DIVORCE DECREE. This Agreement is made in contemplation of divorce and with the intent that it be approved and incorporated in and made a part of any decree that may be entered in any divorce proceedings and also be enforceable through Court Order if necessary. The parties hereby urge approval of this Agreement by any competent court to which it may be presented. Should such a court refuse approval of any terms herein, this Agreement shall be regarded as void from its inception.

*ATTORNEY'S FEES AND COSTS TO ENFORCE THIS AGREEMENT.* If it becomes necessary to enforce this Agreement due to a violation of any part by any of the parties hereto, the party violating this Agreement shall pay for reasonable attorney's fees and any other loss or expense caused by such breach.

On March 12, 1976 the family court entered a Decree of Absolute Divorce and Awarding Child Custody (Divorce Decree) which states in relevant part as follows: "The Agreement in Contemplation of Divorce, entered into by and between the parties on March 1, 1976, is hereby approved by the Court and incorporated herein by reference."

Carol's October 7, 1986 Motion sought an order requiring William to pay her allegedly delinquent child support and retirement rights payments plus interest.

On March 18, 1987 the family court entered an order which states in relevant part as follows:

2. *Child Support.* Plaintiff's request for payment of past child support is granted for the months of June and July, 1982 and February and April, 1983. Plaintiff's request for past child support for all other months is denied.

3. *Cost of Living Allowance Increase in Child Support.* Plaintiff's request for past child support based on alleged Cost of Living Allowance increases is denied.

4. *Military Retirement Benefits.* Plaintiff's request for payment of 30% of Defendant's retirement benefits, calculated as though Defendant retired upon reaching 20 years of active duty service in the U.S. Navy, from October 1982 until the present and her request for 30% of Defendant's future monthly retirement benefits is denied.

5. *Attorney's fees and costs.* Both parties' requests for attorneys' fees and costs are denied.

On May 19, 1987 the family court entered "Findings of Fact, Conclusions of Law". The findings of fact state in relevant part as follows:

7. Beginning in November 1976, Defendant increased his child support allotment from $699.99 to $735.00 because of a service-wide cost of living increase.

\*    \*    \*

21. Defendant is in arrears $1,000.00 as and for the support of DIANA for the months of June and July 1982, and February and April 1983.

22. Other than the cost of living increase in November 1976, Defendant never increased the amount of his child support payments due to service-wide cost of living increases.

\*    \*    \*

24. Plaintiff presented no evidence of any service-wide cost of living increases other than the one in November 1976.

\*    \*    \*

27. At the time of divorce, Defendant had 13 years and 4 months of active duty in the United States Navy creditable toward retirement.

28. In October 1982, Defendant had 20 years of active duty service in the United States Navy creditable toward retirement.

29. At the time of the hearing, Defendant had 24 years 3 months of active duty service in the United States Navy creditable toward retirement.

30. Defendant has never applied for retirement from the United States Navy.

31. Defendant has not been selected to retire by the President of the United States or Secretary of the Navy.

32. Defendant is a Commander in the United States Navy. . . .

33. The statute governing retirement from the United States Navy, 10 U.S.C.S. § 623(a), provides that "an officer of the Navy or the Marine Corps who applies for retirement after completing more than 20 years of active service . . . may, in the discretion of the President be retired . . ." (Defendant's Exhibit E.)

\* \* \*

35. Defendant's continued service in the Navy was subject to the discretion of the President, depending on his assignment, the availability of a replacement, and the needs of a service, even if Defendant had applied to retire after completing 20 years of active duty service creditable towards retirement.

\* \* \*

37. Defendant is not eligible to retire from the United States Navy at this time as contemplated by paragraph f. on page 3 of the Agreement In Contemplation of Divorce.

\* \* \*

40. Attorney's fees are not appropriate given the factual and legal disputes surrounding the issues of child support and Plaintiff's claims for present payments of Defendant's military retirement benefits.

The conclusions of law state in relevant part as follows:

2. There exists no arrearages in child support for alleged service-wide cost of living increases.

3. Defendant is not eligible to retire as contemplated by paragraph f of the Agreement In Contemplation of Divorce[;] therefore[,] Plaintiff is not entitled to a present payment of her share of Defendant's military retirement.

4. Neither party is entitled to an award of attorney's fees paid by the other party.

I.

When the family court entered the March 12, 1976 Divorce Decree, the March 1, 1976 AICOD lost its independent existence

and merged into the decree. *Jendrusch v. Jendrusch*, 1 Haw. App. 605, 623 P.2d 893 (1981). When interpreting a decree, the determinative factor is the intention of the court as gathered from all parts of the decree itself. *Nakata v. Nakata*, 3 Haw. App. 51, 641 P.2d 333 (1982). On appeal, the reviewing court is not bound by the trial court's interpretation of the decree. *Jendrusch, supra.* Consequently, Carol's arguments concerning the family court's denial of her offer of rebuttal evidence with respect to the intent of the parties when they entered into the AICOD are without merit.

## II.

In light of the above quoted findings of fact, none of which has been appealed, conclusions of law 2 and 3 are right.

## III.

In relevant part, Hawaii Revised Statutes (HRS) §§ 580-47(a) and (e) (1985)[1] state as follows:

> Support orders; division of property. (a) Upon granting a divorce, . . . the court may make such further orders as shall appear just and equitable (1) compelling the parties or either of them to provide for the support, maintenance, and education of the children of the parties; . . . (3) finally dividing and distributing the estate of the parties, real, personal, or mixed, whether community, joint, or separate[.]
>
> \*   \*   \*
>
> (e) Attorney's fees and costs. The court hearing . . . a motion for an order to enforce . . . any order made under subsection (a) of this section, may make such orders requiring either party to pay or contribute to the payment of the attorney's fees, costs, and expenses of the other party relating to such motion and hearing as shall appear just and equitable after consideration of the respective merits of the parties, the relative abilities

---

[1] On March 11, 1976 HRS § 580-47 did not allow an award of attorney fees and costs. Subsection (e) did not exist until May 5, 1977. Effective July 1, 1978, the present wording of HRS § 580-47(e) (1985) was put into effect. Since then, subsection (e) has not been revised.

of the parties, the economic condition of each party at the time of the hearing, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case.

The statute does not preclude an award of attorney fees and costs to the nonprevailing party.

The AICOD and, therefore, the Divorce Decree stated that "[i]f it becomes necessary to enforce this [Divorce Decree] due to a violation of any part by any of the parties hereto, the party violating this [Divorce Decree] shall pay for reasonable attorney's fees and any other loss or expense caused by such breach." By its terms, the Divorce Decree requires William to pay Carol the attorney fees and costs she reasonably incurred in pursuing the successful part of her October 7, 1986 Motion.

Carol's October 7, 1986 Motion sought enforcement of the family court's orders with respect to child support and property distribution. She partially won with respect to child support[2] and entirely lost with respect to property distribution.

The general issue is whether the family court reversibly erred when it refused to determine and award Carol her fees and costs reasonably incurred in pursuing the successful part of her October 7, 1986 Motion to enforce segments of the March 12, 1976 Divorce Decree. Our answer is no. The specific issue is whether the March 12, 1976 family court can deny the March 18, 1987 family court the discretion to decline to award attorney fees and costs incurred by Carol in pursuing the successful part of her October 7, 1986 Motion to enforce segments of the March 12, 1976 Divorce Decree. Our answer is no.

The March 12, 1976 Divorce Decree is not determinative of the issue of Carol's entitlement to attorney fees and costs incurred in enforcing segments of the December 12, 1976 Divorce Decree because the March 12, 1976 family court exceeded its authority when it attempted to preclude the March 18, 1987 family court from having any discretion to decide under the facts presented not to award attorney fees and costs to Carol. Cf. Amii v. Amii, 5 Haw. App. 385, 695 P.2d 1194 (1985) (under HRS § 580-47(d) spousal

---

[2] Carol's October 7, 1986 Motion sought $13,638.89 plus interest for delinquent child support. The family court decided that she was entitled to $1,000.00.

support and child support are always subject to revision upon a substantial and material change in the relevant circumstances). In other words, even though the consent divorce decree mandates the award of attorney fees and costs to the party who successfully enforces the child support segment of it, the family court, under its inherent power prior to the initial enactment of HRS § 580-47(e) on May 5, 1977 and under HRS § 580-47(e) since May 5, 1977, always has the discretion not to award attorney fees and costs to that party.

Based on the facts, we conclude that the family court did not abuse its discretion when it denied Carol's request for an award of attorney fees and costs incurred in pursuing her October 7, 1986 Motion to enforce the March 12, 1976 Divorce Decree.

Affirmed.

*Ira Dennis Hawver* on the brief for plaintiff-appellant.

*John W. Schmidtke, Jr.* and *Jeff Crabtree* on the brief for defendant-appellee.