**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000380**
**27-APR-2022**
**07:49 AM**
**Dkt. 48 SO**

NO. CAAP-21-0000380

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

LO, Plaintiff-Appellant,
v.
NO, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. FC-D NO. 16-1-1111)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

This appeal involves a dispute between former spouses over child visitation during summer vacation. Plaintiff-Appellant LO (**Father**) appeals from the **"Amended Order** Denying [Father]'s Motion and Declaration for Post-Decree Relief, Filed February 8, 2021" entered by the Family Court of the First Circuit on **July 20, 2021.**[1] For the reasons explained below, we vacate the Amended Order and remand to the family court for further proceedings.

Father and Defendant-Appellee NO (**Mother**) were married in 2014. Their child (**Child**) was born in 2015. Father filed for divorce in 2016. After a four-day trial, a **Divorce Decree** was

---

[1] The Honorable Brian A. Costa presided.

entered on May 20, 2019.[2]  Father was granted sole physical custody of Child subject to Mother's right to visitation.  The Divorce Decree contained a "Basic Timesharing Schedule" that provided:

> i.     Mother shall have the child on the weekends (except the third weekend of a month) from a pick-up ***after school*** on Friday to drop-off ***before school*** on Monday morning.
>
> ii.    On the third weekend of the month, Father shall have the child.  The third weekend of a month is designated by the third Friday that falls under said month.
>
> iii.   If the child does not have school on the Friday of Mother's weekend, Mother shall pick-up the child at school ***at school*** [sic] on Thursday and shall drop-off the child ***at school*** Monday morning.
>
> iv.    If the child does not have school on the Monday following Mother's weekends, Mother shall have visitation until Tuesday morning where [sic] she will drop-of [sic] the child ***at school***.
>
> v.     Mother shall ensure that the child arrives ***on time for school***.

(emphasis added).  The Basic Timesharing Schedule was subject to a "Holiday/Special Day Schedule" for Easter Sunday, Mother's Day, Father's Day, Fourth of July, Thanksgiving Day, Christmas Day, and New Year's Day.  The Holiday/Special Day Schedule did not mention summer vacation.

Mother appealed from the Divorce Decree.[3]  While Mother's appeal was pending, Mother filed a motion for post-decree relief with the family court.  Mother's motion stated (among other things):

> Currently the [Divorce] Decree does not provide for any Summer [sic] vacation visitation.  This is not in [Child]'s best interests.

---

[2]     The Honorable Kevin T. Morikone presided over the trial and entered the Divorce Decree.

[3]     We affirmed.  <u>LO v. NO</u>, No. CAAP-19-0000446, 2020 WL 589201 (Haw. App. Feb. 6, 2020) (mem.).  Mother petitioned for certiorari.  The supreme court affirmed.  <u>L.R.O. v. N.D.O.</u>, 148 Hawaiʻi 336, 475 P.3d 1167 (2020).

Mother later "withdrew her request to include Summer [sic] visitation" due to her pending appeal from the Divorce Decree. The order on Mother's motion for post-decree relief[4] did not mention summer vacation visitation.[5]

Father filed his own motion for post-decree relief. His motion stated (among other things):

> The minor child is home schooled with [Father]. [Mother] must be ordered to bring the minor child back to [Father] on Sunday not Tuesday. Pick up and drop off at Father's residence.

By order entered on **December 29, 2020,** the family court[6] modified the Basic Timesharing Schedule in the Divorce Decree:

> The drop off for the minor child by [Mother] from her visitation shall be at the Navy Credit Union on Radford Drive Pearl Harbor as long as the minor child is being home schooled. Drop off on Monday mornings shall be at 9:00 A.M. If the *official Hawaii school calendar* schedules a *Monday holiday* subsequent to [Mother]'s weekend visitation, the child shall be dropped off on Tuesday at 9:00 A.M. at the same location pursuant to the parties' divorce decree.
>
> All prior orders not inconsistent with this order will remain in effect.

(emphasis added). Thus, the **December 29, 2020 Order** modified the drop-off location because Child had become home-schooled. The December 29, 2020 Order also referenced the "official Hawaii school calendar" to determine whether a given Monday was a school holiday for Mother's drop-off purposes. The December 29, 2020 Order did not specify how to determine whether a given *Friday* would be considered a holiday for purposes of Mother's pick-up of Child, or where that pick-up location would be. The December 29, 2020 Order also did not mention summer vacation — in other words, the December 29, 2020 Order did not **add** any provision for

---

[4]    The Honorable Jessi L.K. Hall presided.

[5]    Father appealed. We affirmed. LO v. NO, No. CAAP-19-0000762, 2020 WL 4700894 (Haw. App. Aug. 13, 2020) (SDO). Father did not petition for certiorari.

[6]    The Honorable Brian A. Costa presided.

3

Mother's visitation over summer vacation.  Neither party appealed from the December 29, 2020 Order.

On February 8, 2021, Father filed the motion for post-decree relief that gave rise to this appeal.  The motion sought to address the Friday school holiday issue not addressed by the December 29, 2020 Order:

> Clarify Visitation [sic] with Mother to pick up child on Fridays 300PM , [sic] and return child on Sunday at 5 pm[.] Pick up Thursday and drop off Tuesday only to happen on holidays while school in session.
>
> . . . .
>
> . . . Mother should not have the child Thursday and Monday on school breaks.

Father's motion was heard on April 14, 2021.  The following exchange took place:

> THE COURT:  . . .  So what I want to know, [Father's counsel], is if you are seeking a modification of the order.
>
> [FATHER'S COUNSEL]:  No.  We're not seeking a modification.  We're seeking the enforcement of the order.
>
> THE COURT:  Okay.  And you understand if we proceed on that basis, I'm going to hold you to that?
>
> [FATHER'S COUNSEL]:  Yes.

The family court entered an order denying Father's motion on June 8, 2021.[7]  Father filed a timely notice of appeal on June 23, 2021.  On July 20, 2021, the family court entered the Amended Order denying Father's motion pursuant to Rule 60(a) of the Hawaiʻi Family Court Rules (**HFCR**).[8]  The Amended Order stated, in relevant part:

---

[7]    The Honorable Brian A. Costa presided.

[8]    The family court had jurisdiction to enter the July 20, 2021 Amended Order, notwithstanding the filing of Father's notice of appeal on June 23, 2021, because Father's appeal was not docketed until August 9, 2021. See HFCR Rule 60(a) ("During the pendency of an appeal, [clerical] mistakes [in an order] may be so corrected before the appeal is docketed[.]"); Rule 2.1(b) of the Hawaiʻi Rules of Appellate Procedure (**HRAP**)  ("'[D]ocketed' means the record from a court or agency is filed in the appellate courts.").

> [Father]'s motion filed 2/8/21 is denied. The court
> determines page 4 of the divorce decree [the Basic
> Timesharing Schedule] is plain in its interpretation within
> the four corners of the document, and not ambiguous.
> [Mother] is entitled to have visitation during her weekends
> with the minor child from Thursday night until Tuesday
> morning ***in the summer while school is not in session.*** All
> prior orders not inconsistent with this order shall remain
> in full force and effect.

(emphasis added). The family court entered findings of fact and conclusions of law, also on July 20, 2021.

Father's opening brief states five points of error:

"1. The lower court erred when he [sic] failed to confer with the trial judge to obtain clarification of the trial judge's decision and/or divorce decree";

"2. The lower court erred when it found the divorce decree to be unambiguous and should only be interpreted within the four corners of the decree document";

"3. The lower court erred when it failed to apply the best interest of the minor child standard in deciding a custody and/or visitation issue before the court[, ]but rather applied a rule of mechanical construction";

"4. The lower court erred when it did not consider the report of the Custody Evaluator that was relied upon by the trial court, and received in evidence[, ]in the trial court making it's [sic] decision for [Mother] to have three weekends of visitation per month Friday until Monday[, ]and when school was in session, Thursday till Tuesday, if there was no school on Friday or Monday"; and

"5. The lower court erred when it failed as a matter of law to determine the intent of the trial court, and and [sic] consider other evidence in construing the terms of the divorce decree."

Father contends that the family court erred when it found the Divorce Decree to be unambiguous. "The interpretation or construction of a judgment, decree, or order presents a

question of law and is reviewable de novo under the right/wrong standard of review[.]" Herrmann v. Herrmann, 138 Hawaiʻi 144, 152, 378 P.3d 860, 868 (2016) (cleaned up). We are not bound by the family court's interpretation of the Divorce Decree. Jendrusch v. Jendrusch, 1 Haw. App. 605, 609, 623 P.2d 893, 897 (1981).

The family court did not err by concluding that the Divorce Decree was unambiguous, but it did err in concluding that under the Divorce Decree Mother "is entitled to have visitation during her weekends with the minor child from Thursday night until Tuesday morning *in the summer while school is not in session*" (emphasis added).

The family court made the following findings of fact, which are actually conclusions of law that we review under the right/wrong standard, Est. of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007):

> 35. The Basic Timesharing Schedule provision in the Divorce Decree and the requirement to utilize the Hawaiʻi school calendar contained in the December 29, 2020 Order are clear and unambiguous.

These conclusions were right; once Child became home-schooled, Mother's Monday/Tuesday drop-offs were to be determined based on the "official Hawaii school calendar[.]"

The family court also made the following finding of fact, which was actually a conclusion of law:

> 36. The Basic Timesharing Schedule applies during the summer break.

This conclusion was wrong. The Divorce Decree's Basic Timesharing Schedule did not allow Mother visitation during summer vacation; this was acknowledged by Mother's motion for post-decree relief. The December 29, 2020 Order modified the drop-off location (from Child's school to the Navy Credit Union) because Child had become home-schooled. The December 29, 2020 Order also referenced the "official Hawaii school calendar" *to*

***determine whether a given Monday was a school holiday for Mother's drop-off purposes***.[9]  The December 29, 2020 Order also did not mention summer vacation — in other words, the December 29, 2020 Order did not **add** any provision for Mother's visitation over summer vacation.

Based upon the record, we conclude that the family court's denial of Father's February 8, 2021 motion for post-decree relief — which Father stipulated during oral argument requested "clarification," not "modification," of the December 29, 2020 Order — was based on the erroneous conclusion that the Divorce Decree's Basic Timesharing Schedule and the December 29, 2020 Order allowed Mother weekend visitation "from Thursday night until Tuesday morning in the summer while school is not in session" based on "the official Hawaii school calendar."  We need not address Father's other points of error.

Based upon the unambiguous terms in the Divorce Decree and the December 29, 2020 Order, the family court should have denied Father's February 8, 2021 motion (for clarification, not modification, of the December 29, 2020 Order) because the December 29, 2020 Order did not specify how to determine whether a given **Friday** would be considered a holiday for purposes of Mother's pick-up of Child, or where that pick-up location would be once Child became home-schooled; in other words, there was nothing to clarify.  The family court's July 20, 2021 Amended Order, stating that Mother "is entitled to have visitation during her weekends with the minor child from Thursday night until Tuesday morning in the summer while school is not in session" is vacated.  On remand, the family court should enter an order denying Father's February 8, 2021 motion for post-decree relief consistent with this summary disposition order.

---

[9]     The December 29, 2020 Order did not specify how to determine whether a given **Friday** would be considered a holiday for purposes of Mother's pick-up of Child, or where that pick-up location would be.

For the foregoing reasons, we vacate the family court's July 20, 2021 Amended Order and remand to the family court for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, April 27, 2022.

On the briefs:

Scot Stuart Brower,
for Plaintiff-Appellant.

Michael A. Glenn,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge